IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRECIA PARKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0461-WS-C |
| | ) |
| CHUCK STEVENS CHEVROLET OF | ) |
| ATMORE, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter comes before the Court on the parties' Joint Motion to Dismiss the FLSA Claim and Enter Final Judgment (doc. 35).

Plaintiff, Patrecia Parker, brought this action against multiple defendants, including Chuck Stevens Chevrolet of Atmore, Inc. and Chuck Stevens Chevrolet of Bay Minette, Inc. The operative iteration of the Complaint (doc. 9) alleges claims against the defendants for termination of Parker's employment on the basis of her age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), and for failure to pay overtime compensation to Parker as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

On June 25, 2013, the parties filed a Stipulation of Dismissal of Plaintiff's Fair Labor Standards Act Claims (doc. 33). That same day, the Court entered an Order (doc. 34) explaining that under *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350 (11th Cir. 1982), the parties' proposed resolution of Parker's FLSA cause of action requires judicial approval to give it final and binding effect. *See, e.g., Lynn's Food*, 679 F.2d at 1352 ("Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."); *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp.2d 618, 622-23 (E.D. Va. 2011) ("the reason judicial approval is required for FLSA settlements is to ensure that a settlement of an FLSA claim does not undermine the statute's terms or purposes"); *Burkholder v. City of Ft. Wayne*, 750 F. Supp.2d 990, 994-95 (N.D. Ind. 2010) ("[s]tipulated settlements in a

FLSA case must be approved by the Court … because there is a fear that employers would coerce employees into settlement and waiver of their claims") (citations and internal quotation marks omitted).  The objective of this inquiry is "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy."  *Hogan v. Allstate Beverage Co.*, 821 F. Supp.2d 1274, 1282 (M.D. Ala. 2011).

In their ensuing Joint Motion to Dismiss, the parties explain that they have jointly concluded that Parker's "FLSA claim had little to no value as asserted, primarily because … she was likely to be considered an exempt employee not entitled to overtime."  (Doc. 35, at 2.)  The parties also outline defendants' position that Parker was never employed by those defendant entities, and that "it appeared that all wages that had been due and payable to her had been paid."  (*Id.* at 3.)  Based on these daunting obstacles of proof that Parker confronted on her FLSA claim, the parties reached an understanding under which they "agreed to dismiss the FLSA claim and then arrived at a confidential settlement agreement with respect to the remaining ADEA claims."  (*Id.*)[1]  They now ask this Court to approve the settlement and dismissal of the FLSA claim, but not the ADEA claim (as to which no request for dismissal has been filed).

In reviewing FLSA settlements under *Lynn's Food*, courts "should be mindful of the strong presumption in favor of finding a settlement fair."  *Coleman v. Target Corp.*, 2013 WL 867891, *3 (M.D. Fla. Mar. 1, 2013); *see also Wingrove v. D.A. Technologies, Inc.*, 2011 WL 7307626, *2 (N.D. Ga. Feb. 11, 2011) (recognizing "strong presumption" that FLSA settlements are fair and reasonable to plaintiffs); *Howell v. Dolgencorp, Inc.*, 2011 WL 121912, *1 (N.D. W.Va. Jan. 13, 2011) (similar).  Indeed, one district court has accurately observed that, in the absence of a bench trial, "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."  *Bonetti v. Embarq Management Co.*, 715 F. Supp.2d 1222, 1227 (M.D. Fla.

---

[1] Interestingly, the parties state that they executed this settlement agreement and release on December 11, 2012, more than six months before they filed their Stipulation and Joint Motion to Dismiss FLSA Claim.  It is unclear why the parties delayed notifying the Court of their settlement for such an extended period of time, during which period this action has remained on the active docket.

2009).  Such is the case here.  Parker's FLSA claim faced steep and perhaps insuperable legal and factual obstacles at trial, including most notably the substantial likelihood that she would be deemed an exempt employee who was not entitled to overtime compensation at all.  Under the circumstances, the decision of Parker (who has been represented at all times herein by skilled counsel with considerable experience in this area of the law) to dismiss her FLSA claim and focus on her ADEA cause of action is entirely fair and reasonable.

In short, after careful scrutiny of the parties' Joint Motion, the Stipulation, and all other portions of the file deemed relevant, the Court finds that Parker's decision to dismiss her FLSA cause of action was fair and reasonable, and is due to be approved.  Accordingly, the Parties' Joint Motion to Dismiss the FLSA Claim and Enter Final Judgment (doc. 35) is **granted**.  The FLSA claim found at Count II of the Amended Complaint is **dismissed**, and a separate judgment will be entered.

The crucial remaining question, of course, concerns the fate of the ADEA cause of action found at Count I of the Amended Complaint.  The parties have represented to the Court that they entered into a settlement agreement concerning this claim back in December 2012, yet they have not filed a motion or stipulation of dismissal in accordance with Rule 41(a), nor have they requested entry of a 30-day order that would remove this case from the active docket pursuant to their settlement.  Also unclear is the status of defendant Carl Smith Chevrolet, Inc., as to which the Clerk of Court entered a Default (doc. 29) on October 31, 2012.  The parties are **ordered** to file a joint status report on or before **August 6, 2013**, apprising the Court of the present status of these matters, whether there are indeed any triable claims remaining in this litigation that have not been settled and compromised, and (if no such claims remain) when the parties anticipate filing appropriate documentation to effect the dismissal of this action, which at this time remains set for trial in November 2013.  In lieu of submitting the aforementioned status report, the parties may file such dismissal documentation.

DONE and ORDERED this 23rd day of July, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE